UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at PIKEVILLE

CIVIL ACTION NO. 7:08-CV-00183-KKC

THOMAS HAGER, II                                               PETITIONER

v.                              **MEMORANDUM OPINION AND ORDER**

PHILLIP W. PARKER                                              RESPONDENT

* * * * * * * * * * * * * * *

This matter is before the Court on the Petition for a Writ of Habeas Corpus filed by

Petitioner Thomas Hager ("Hager") pursuant to 28 U.S.C. § 2254. [R.1].  Pursuant to local

practice, the matter was referred to Magistrate Judge Edward B. Atkins who issued a Report and

Recommendation recommending that Hager's Petition be denied. [R. 28].  Hager timely filed

objections to the Magistrate's Report and Recommendation. [R. 31].[1]  Consequently, this Court

must make a *de novo* determination of those portions of the Magistrate Judge's Report and

Recommendation to which objection is made.  28 U.S.C. § 636(b)(1)(C).

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

**A. State Court Proceedings**

On March 26, 2004 Hager appeared in Pike Circuit Court and pled guilty to Murder and

First-Degree Burglary, as charged in Pike Circuit Indictment Number 03-CR-66.  [R. 15].  He

was then sentenced to life without the possibility of parole for twenty-five years for the offense of

---

[1] In his objections to the Magistrate Judge's Report and Recommendation, Hager also requests appointment
of counsel and seeks an evidentiary hearing.  These requests were denied by the Magistrate Judge in an order entered
on June 10, 2009. [R. 27].  Because these requests have been previously dealt with, the Court will not address them
in its opinion.  In light of the evidence in the record and Hager's written submissions, the Court agrees that an
evidentiary hearing is unnecessary and that appointment of counsel is not warranted.

murder and received a concurrent sentence of up to ten years for the offense of first-degree burglary.  *See Hager v. Commonwealth*, 2005 CA-2592-MR, 2007 WL 542814 at *1 (Ky. App. February 23, 2007).  He did not file a direct appeal.  [R. 1 at 2].

In January of 2005, Hager moved to vacate his sentence pursuant to Kentucky Rule of Criminal Procedure 11.42.  [R. 1 at 20].  Hager asserted that his trial counsel did not advise him of the defense of extreme emotional disturbance before he entered his guilty plea and that the guilty plea was not voluntary because at the time it was entered, Hager was under the influence of anti-psychotic medication, which impaired his ability to make rational decisions.  [R. 15, Appx. at 4].  During the Rule 11.42 proceedings, Hager was represented by counsel from the Department of Public Advocacy, who requested court approval of funds "in order to engage the services of Dr. Eljorn Don Nelson, Pharm. D., to evaluate and testify as to the effects of Seroquel, an anti-psychotic medication, prescribed to [him]."  The trial court denied this motion.

The Pike Circuit Court conducted an evidentiary hearing on November 2, 2005 and subsequently issued an order denying Hager's Rule 11.42 motion in all respects.  [R. 15, Appx. at 4-5].  Specifically, that court found that Hager's trial attorneys advised him of the defense of extreme emotional disturbance before he entered his guilty plea and that Hager understood the plea agreement because the anti-psychotic drugs that he was taking did not interfere with his ability to make rational decisions.  *Id.*  This finding was based on the testimony of trial counsel as well as the court's recollection of Hager's demeanor and actions at the guilty plea hearing and other hearings before the Court.  *Id.*  The Court also found that the evidence of Hager's guilt was overwhelming and that he could not meet either prong of the *Strickland* test.  *Id.*

Hager appealed the trial court's decision that his guilty plea was voluntarily entered as

well as the denial of his motion for appointment of the expert to testify about the effects of his

medication. *Id.* at 6-7. The Kentucky Court of Appeals affirmed the trial court's decision in an

unpublished decision. *Hager v. Commonwealth*, 2005 CA-2592-MR, 2007 WL 542814 (Ky.

App. February 23, 2007). The Kentucky Supreme Court then denied Hager's motion for

discretionary review on April 16, 2008. *Id.* at 16.

**B. Hager's Petition for Writ of Habeas Corpus.**

On July 14, 2008, Hager filed the instant Petition for Writ of Habeas Corpus pursuant to

28 U.S.C. § 2254. [R. 1]. Hager alleged seven grounds for relief:

(1)     Ineffective assistance of counsel for failure to conduct sufficient investigation;

(2)     Ineffective assistance of counsel for failing to move for a change of venue;

(3)     Involuntary guilty plea because of the influence of his anti-psychotic medication;

(4)     Ineffective assistance of counsel for trial counsel's failure to realize the effects of his anti-psychotic medication at the guilty plea;

(5)     Ineffective assistance of counsel for failing to communicate Hager's desire to withdraw his guilty plea;

(6)     Ineffective assistance of counsel for failing to advise him of the Extreme Emotional Disturbance ("EED") defense; and

(7)     The denial of his request for an expert witness during the Rule 11.42 proceedings.

[R. 1 at 6-16].

**II.     OBJECTIONS TO MAGISTRATE JUDGES FINDINGS OF PROCEDURALLY DEFAULTED CLAIMS.**

Hager argues that the Magistrate Judge erred in finding that all of his ineffective

assistance of counsel claims were procedurally defaulted because Hager allegedly exhausted

them to the best of his ability. While Hager concedes that these issues were not argued "verbally

before the Kentucky Court of Appeals or the Kentucky Supreme Court," he contends that

"documentation clearly displays that Petitioner met all requirements possible to exhaust all state

remedies." [R. 31 at 2]. Petitioner goes on to state that all grounds raised were presented in his

initial Rule 11.42 motion and at the evidentiary hearing conducted by the Pike Circuit Court. *Id.*

These assertions are not at odds with the Magistrate Judge's Report and Recommendation which

emphasized that "[t]he parties agree that all grounds asserted in this action were properly

presented to the Pike Circuit Court during the course of...state post-conviction proceedings." [R.

28 at 3].

However, the more significant issue for this Court is whether these issues were properly

raised before the Kentucky Court of Appeals and the Kentucky Supreme Court. Under 28 U.S.C.

§ 2254(b), state prisoners must exhaust their state remedies prior to raising claims in federal

habeas corpus proceedings. The Magistrate Judge correctly stated the applicable law, which

requires state prisoners to "give the state courts one full opportunity to resolve any constitutional

issues." *Williams v. Bagley*, 380 F.3d 932, 967 (6th Cir. 2004)(quoting *O'Sullivan v. Boerckel*,

526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999)). To meet this requirement, Hager

must have fairly presented all of his "claims to the highest court in the state in which...[he was]

convicted, thus giving it a fair and full opportunity to rue on his claims." *Rust v. Zent*, 17 F.3d

155, 160 (6th Cir. 1994)(quoting *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990)).

The Magistrate Judge also correctly stated the applicable law providing that failure to

exhaust leads to a procedural default when "the court to which the petitioner would be required

to present his claims in order to meet the exhaustion requirement would now find the claims

procedurally barred." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1, 111 S. Ct. 2546, 115 L. Ed.

2d 640 (1991).

Hager argues that the Kentucky Court of Appeals and the Kentucky Supreme Court "must have had knowledge of all grounds raised by Petitioner as they (particularly the Kentucky Court of Appeals) have cited and quoted numerous times from his Pro Se RCr 11.42 motion and from the evidentiary hearing video tape." [R. 31 at 2]. Hager refers to the Kentucky Court of Appeals decision which he claims refers specifically to his ineffective assistance of counsel claims thereby illustrating that "all grounds were considered and exhausted." *Id.* The Court disagrees with Hager's arguments on this point. While Hager is correct that the Kentucky Court of Appeals was aware of the various issues presented in his initial Rule 11.42 motion, that Court did not consider those issues that the Magistrate Judge found procedurally defaulted. This is because Hager did not include the ineffective assistance of counsel claims in his appeal of the denial of the Rule 11.42 motion. The Court of Appeals decision discussed only those claims in setting forth the case's procedural history, noting that approximately eight months after his sentencing, Hager filed a motion under Rule 11.42 "asserting claims of ineffective assistance of counsel." [R. 15, Attach. 1 at 8]. This statement does not indicate that the claims were properly exhausted.

Furthermore, in reviewing the Kentucky Court of Appeals' decision, it is apparent that the only issues considered by that Court were (1) whether Hager's guilty plea was involuntary due to the effect of anti-psychotic medications that he was taking at the time the plea was entered; and (2) whether the Pike Circuit Court erred by denying his request to appoint an expert to testify about the effects of the anti-psychotic medication during the Rule 11.42 proceedings. *Id.* at 1-2. In light of these facts, the Court finds that the ineffective assistance of counsel claims were not properly exhausted because they were not raised before the Kentucky Court of Appeals or the

Kentucky Supreme Court.

The Court is not persuaded by Hager's argument that his ineffective assistance of counsel claims are exhausted because of the ties between those claims and the involuntary guilty plea claim which was properly exhausted. Hager asserts that "[o]ne [claim] cannot be mentally pondered without the other." This is incorrect. The Court can determine whether Hager's guilty plea was involuntary because of the effects of the anti-psychotic medications without regard to whether trial counsel's assistance was constitutionally ineffective. Finally, Hager's reference to oral arguments before the Kentucky Court of Appeals fails to support his assertion that the ineffective assistance of counsel claims were properly exhausted. While the effect of Hager's anti-psychotic medication and trial counsel's failure to observe any effects from the medication were discussed at oral argument, these discussions dealt with the issues presented to the Court of Appeals on appeal such as whether the guilty plea was voluntary. As a result, the oral arguments clearly could not exhaust the ineffective assistance of counsel claims.

Because the ineffective assistance of counsel claims were not properly exhausted, the Court must determine whether the Magistrate Judge's finding that these claims are now procedurally defaulted was correct. Under Kentucky Rule of Criminal Procedure 11.42, a prisoner may normally file one post-conviction motion for relief within three years of a final judgment. *See Satterly v. Commonwealth*, 441 S.W.2d 144, 145 (Ky. Ct. App. May 2, 1969) ("We have held that a prisoner is not entitled to institute a second assault upon a judgment of conviction."). In accordance with this rule, Kentucky courts have required that all possible grounds for relief be presented in the first post-conviction motion and have barred defendants from later re-litigating issues that could reasonably have been presented. Ky. R. Crim. P.

11.42(3); *see McQueen v. Commonwealth*, 948 S.W.2d 415, 416 (Ky. 1997)("A defendant who is in custody under sentence..., is required to avail himself of Rcr 11.42 as to any ground of which he is aware, or should be aware, during the period when the remedy is available to him.").  While Hager raised his ineffective assistance of counsel claims before the Pike Circuit Court, he failed to do so in his appeal to the Kentucky Court of Appeals.  Going forward, Rule 11.42 will not allow Hager to re-litigate the ineffective assistance of counsel claims already presented in his initial motion.  As a result, the Magistrate Judge correctly determined that the ineffective assistance of counsel claims are procedurally defaulted.

Hager has argued that any procedural default should be excused because appellate counsel was constitutionally ineffective by failing to argue the ineffective assistance of trial counsel claims to the state appellate courts.  However, the Magistrate Judge correctly found that "as a general matter, there is no constitutional right to an attorney in collateral proceedings." *Abdus-Samad v. Bell*, 420 F.3d 614, 632 (6th Cir. 2005)(rejecting the argument that a procedural default should have been excused because of the ineffective assistance of state post-conviction counsel who failed to raise trial counsel's ineffectiveness); *see Coleman v. Thompson*, 501 U.S. 722, 752-53, 115 L. Ed. 2d 640, 111 S. Ct. 2546 (1991).  As a result, any errors committed by Hager's post-conviction counsel, acting as his agent, are solely attributable to him.  *Abdus-Samad*, 420 F.3d at 632.  Accordingly, the Court finds that the procedural default of Hager's ineffective assistance of trial counsel claims is not excused by the alleged ineffective assistance of his post-conviction counsel.  *See Gulertekin v. Tinnelman-Cooper*, 340 F.3d 415, 425-26 (6th Cir. 2003).

III.    **OBJECTIONS TO THE MAGISTRATE'S FINDINGS THAT HAGER WAS
        COMPETENT TO ENTER A GUILTY PLEA.**

Hager asserts that contrary to the Magistrate Judge's findings, "he was <u>not</u> competent to
enter a guilty plea because of the "overdose" range of anti-psychotic medications he was taking."
[R. 31 at 8].  In addition, he argues that he was prescribed anti-psychotic medication without
being diagnosed as psychotic and that the mixture of Trazodone and Seroquel that he was taking
"would most certainly provide further complication, and no individual could be legally
competent in such a manner or state."  *Id.* at 9.

The Supreme Court has indicated that competency determinations are factual findings
which should be given deference.  *Thompson v. Keohane*, 516 U.S. 99, 110-11, 116 S. Ct. 457,
133 L. Ed. 2d 383 (1995); *see also Filiaggi v. Bagley*, 445 F.3d 851, 858 (6th Cir. 2006).  In
reviewing factual determinations made by the state courts, federal habeas corpus review is
limited to determining whether adjudication of the claim "resulted in a decision that was based
on an unreasonable determination of the facts in light of the evidence presented in the State court
proceeding."  28 U.S.C. § 2254(d)(2).

In reviewing the evidence presented during the state court proceedings, the Court agrees
that Hager is not entitled to habeas corpus relief on this claim.  Following an evidentiary hearing,
the Pike Circuit court made the factual finding that Hager understood the plea agreement that he
entered into.  This finding was based on testimony by Hager's trial attorney, the court's
recollection of Hager's demeanor at the guilty plea hearing and at his other appearances before
that court.

As discussed previously, the guilty plea claim was then appealed to the Kentucky Court

of Appeals which affirmed.  That Court noted that Hager's trial attorney testified that she met with him at least sixty times and that "he did not appear to be under the influence of any drugs that kept him from being able to comprehend or understand their discussions regarding defense strategy." [R. 15, Attach. 1 at 11].  She testified that Hager was articulate, able to grasp legal concepts and able to engage in educated conversations about his case.  *Id.*  She also claimed that she discussed the extreme emotional disturbance defense with Hager and that his defenses were very limited based on the horrific nature of the crime scene.  *Id.*  Defense counsel Ned Pillersdorf similarly testified that Hager appeared to understand his potential defenses and penalties and described him as being on the fence about whether or not to accept a plea agreement.  *Id.* at 6-7.

The Court of Appeals also found that Hager's testimony during the Rule 11.42 proceedings undermined his assertion that the guilty plea was involuntary.  *Id.* at 7.  While Hager testified that the medication made him want to be left alone, he also testified that he wanted to go to trial a week before the trial was scheduled.  *Id.*  Furthermore, while he claimed that his attorneys attempted to used scare tactics to get him to plead guilty, the Court found that his "full participation in the decision-making process (often directly opposing his attorneys' advice) clearly contradicts his contention" that he could not voluntarily enter a guilty plea.  *Id.*  While testifying he also acknowledged that after entering the guilty plea, while still on anti-psychotic medications, he contacted his attorneys about the possibility of withdrawing the plea before sentencing.  *Id.* at 7-8.

The Court of Appeals also considered Hager's medical assessment by defense expert Dr. Harwell F. Smith's which contained no mention of the alleged influence of the medication.  *Id.* at 8.  Finally, the Court of Appeals gave deference to the trial courts' recollection that there was

nothing unusual about Hager's demeanor during the guilty plea colloquy which conformed in all respects to applicable Supreme Court standards.  While being questioned by the trial court, Hager indicated that he was not under the influence of medication and his responses to questioning were found to be "prompt, alert, and coherent."  *Id.*

Having reviewed the evidence in the record, the Court finds that any effects that the anti-psychotic medications had on Hager did not render his guilty plea involuntary.[2]  Hager has failed to establish that the state court's decision that he was competent to enter a guilty plea was an unreasonable determination of the facts in light of the evidence presented.  As a result, he is not entitled to habeas corpus relief on this claim.

## IV.   OBJECTIONS TO THE MAGISTRATE'S DETERMINATION THAT THE TRIAL COURT'S FAILURE TO PROVIDE FUNDS DURING POST-CONVICTION PROCEEDINGS IS OUTSIDE THE SCOPE OF FEDERAL HABEAS CORPUS REVIEW.

Finally, Hager argues that the Pike Circuit Court's decision denying his request to provide funds for an expert during the post-conviction proceedings "is a clear violation of his due process rights under the 14th Amendment and discriminatory against indigent people...." [R. 31 at 14]. The Court agrees with the Magistrate Judge's finding that this claim is without merit because "errors in post conviction proceedings are outside the scope of federal habeas corpus review." *Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007).  Errors allegedly committed during Rule 11.42 proceedings clearly fall within this prohibition and consequently this claim is not

---

[2] In his objections, Hager also asserts that the state courts "remain under the false impression that Hager was not affected by being on an "overdose" amount of these drugs at his plea hearing."  [R. 31 at 10].  He claims that "[t]hese same entities then believed that he was still taking the "overdose" of medications at his evidentiary hearing where he testified in person.  An error has obviously been interpreted because Petitioner was no longer on the medication at his evidentiary hearing."  *Id.*  However, as discussed above, the Court finds that  the decision by the Kentucky state courts is supported by the evidence in the record including Hager's  plea colloquy, sentencing and the subsequent testimony at the Rule 11.42 evidentiary hearing.

reviewable and hereby denied. *See Kirby v. Dutton*, 794 F.2d 245, 246-47 (6th Cir. 1986); *Sherley v. Parker*, 2000 U.S. App. LEXIS 19805 at *18 (6th Cir. August 8, 2000)(unpublished). In addition, even reaching the merits of Hager's claim, the Court agrees with the decision by the Kentucky Court of Appeals, that "[t]he trial court did not abuse its discretion in refusing to appoint" the expert.

## V.    CONCLUSION

For all of these reasons, the Court hereby ORDERS as follows:

(1)    The Magistrate Judge's Report and Recommendation [R. 28] is **ADOPTED** as and for the Opinion of the Court.

(2)    Hager's Petition for Writ of Habeas Corpus [R. 1] is **DENIED;**

(3)    Hager's objections to the Magistrate Judge's Report and Recommendation [R. 31] are **OVERRULED;** and

(4)    A certificate of appealability shall not issue because Petitioner has not made a substantial showing of the denial of any substantive constitutional right;

(5)    Judgment will be entered contemporaneously with this opinion and order in favor of Respondent.

Dated this 9th day of March, 2010.

Signed By:

*Karen K. Caldwell*

**United States District Judge**

11