UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at PIKEVILLE

CIVIL ACTION NO. 7:08-cv-183-KKC

THOMAS HAGER, II                                                                    PETITIONER

v.      **MEMORANDUM OPINION AND ORDER**

PHILLIP W. PARKER,
*Warden, Kentucky State Penitentiary*                                               RESPONDENT

\* \* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on several motions brought by Petitioner Thomas Hager II ("Hager") in connection with his appeal of the denial of his petition for a writ of habeas corpus. Hager has filed a Motion for Leave to Appeal *in forma pauperis* (Rec. 35), Motion to Appoint Counsel for his appeal (Rec. 36) and Motion for a Certificate of Appealability (Rec. 37).

**I.      MOTION FOR LEAVE TO APPEAL *IN FORMA PAUPERIS***

Hager has stated in his motion that he is unable to pay filing fees in this matter because his sole source of income is around $17.60 per month from the Kentucky State Penitentiary in Eddyville, Kentucky. In an affidavit submitted with his motion, Hager admits also receiving around $200 per month from his father, but claims that he "cannot be certain that [his father] will continue..." to send money in the future. Hager has also submitted a six month statement of his inmate account showing that $1633.20 has been deposited in his account during the preceding six months as of April 21, 2010. The statement shows a current balance of $20.26 and a six month average ending balance of $55.08.

Federal Rule of Appellate Procedure Rule 24(a)(1) provides:

Except as stated in Rule 24(a)(3), a party to a district court action who desires to appeal in

forma pauperis must file a motion in the district court. The party must attach an affidavit that: (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal.

Form 4 provides that a prisoner "must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in [the prisoner's] institutional accounts." Having reviewed Hager's motion and the attached affidavit, and being otherwise sufficiently advised, the Court finds that Hager has complied with the requirements of Fed. R. App. P. 24(a)(1). Accordingly, his motion to proceed on appeal *in forma pauperis* is GRANTED.

## II.    MOTION TO APPOINT COUNSEL

Hager has also filed a Motion to Appoint Counsel. Rec. 36. Pursuant to Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts, counsel may be appointed at any stage of the proceeding "if the interests of justice so require." Hager generally states that he is "unable to afford to hire counsel" and claims that "the issues in this appeal are of a constitutional magnitude and are very complex." Hager further asserts that he "has no knowledge of the law nor knows the procedures on how to perfect this appeal and that the ends of justice would best be served in this case if an attorney was appointed..."

Prisoners do not have a constitutional right to counsel when bringing collateral attacks on their convictions. *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987); *Murray v. Giarratano*, 492 U.S. 1, 109 S. Ct. 2765, 106 L. Ed. 2d 1 (1989). Habeas petitioners who qualify under the Criminal Justice Act, however, are entitled to counsel if an evidentiary hearing is required. *See* Rules Governing Section 2254 Cases in the United States

2

District Courts, Rule 8(c). Appointment of counsel is within the judge's discretion and "indigent state prisoners applying for habeas relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *see also Lavado v. Keohane*, 992 F.2d 601, 604-06 (6th Cir. 1993).

In this case, Hager has failed to show exceptional circumstances warranting the appointment of counsel. Hager's filings with this Court have been competent and well-organized. Hager's written submissions to the Court have also consistently been filed in a timely manner. Given the nature of the issues and the procedural posture of this case, the Court finds that Hager does not require the assistance of an attorney in properly presenting his claims to the United States Court of Appeals for the Sixth Circuit. Accordingly, Hager's motion to appoint counsel is DENIED.

### III. MOTION FOR CERTIFICATE OF APPEALABILITY

Finally, Hager requests a Certificate of Appealability. Rec. 37. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For a certificate of appealability to issue in this case, Hager must show that reasonable jurists could find in his favor and that the "question is the debatability of the underlying federal constitutional claim, not the resolution of that debate." *Miller-El v. Cockrell*, 537 U.S. 322, 342, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003).

In the Court's previous Opinion and Order adopting the Magistrate Judge's report and recommendation and dismissing Hager's petition for a writ of habeas corpus, the undersigned indicated that a certificate of appealability would not issue because Hager failed to make the

3

requisite showing.  Consistent with the Court's prior ruling, Hager's motion is denied.  *See* Rec. 32, 33.  However, under the Rules Governing Section 2254 Cases in the United States District Courts, Rule 11(a), Hager may seek a certificate of appealability from the Sixth Circuit "under Federal Rule of Appellate Procedure 22."

## IV. CONCLUSION

For the reasons set forth above, the Court **HEREBY ORDERS** as follows:

(1)  Hager's Motion for Leave to Appeal *in forma pauperis* (Rec. 35) is **GRANTED;**

(2)  Hager's Motion to Appoint Counsel (Rec. 36) is **DENIED;** and

(3)  Hager's Motion for Certificate of Appealability (Rec. 37) is **DENIED.**

This 24th day of June, 2010.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge